UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT TOMA, individually and derivatively on behalf of TCE Presents, LLC and Vibe This, LLC,

Plaintiff,

v.

MITCHELL CAMARDA,

Defendant.

26 Civ. 6178 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Robert Toma brings this action against Defendant Mitchell Camarda, alleging breach of his Employment Agreement's bar on disclosure of confidential information belonging to TCE Presents, LLC and improper withdrawal of $60,000 from a shared company account. *See* ECF No. 1. With regards to the disclosure, Toma specifically alleges Camarda "filed sworn certifications in state court—not under seal, not with redactions, but on the open public docket—laying bare those secrets for every competitor to see." Mot. for Prelim. Inj. ("Mot.") at 1, ECF Nos. 1-1 and 19. As Toma goes on, "[t]he damage cannot be undone. Confidential information, once disclosed, can never be made confidential again." *Id.*

Toma initially attached a memorandum of law in support of an order to show cause for why preliminary injunctive relief should issue to his complaint but filed no formal motion. ECF No. 1-1. The Court treated such filing as a motion and ordered a response, which was filed on August 7, 2026. ECF No. 24. Plaintiff filed a reply and a motion for expedited discovery on August 10, 2026. ECF Nos. 25, 26. For the reasons stated below, Plaintiff's motions are **DENIED**.

* * *

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks. It is to prevent irreparable injury so as to preserve the court's ability to render a meaningful

decision on the merits." *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996); *accord Paige v. N.Y.C. Hous. Auth.*, No. 17 Civ. 7481, 2018 WL 1226024, at *2 (S.D.N.Y. Mar. 9, 2018).[1] "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112, 119 (2d Cir. 2022). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023). Thus, "the moving party must first demonstrate that irreparable harm would be likely in the absence of a preliminary injunction before the other requirements for the issuance of a preliminary injunction will be considered." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015); *accord Frommer v. MoneyLion Techs. Inc.*, No. 23 Civ. 6339, 2023 WL 6850324, at *1 (S.D.N.Y. Oct. 17, 2023) ("[I]f a party fails to show irreparable harm a court need not even address the remaining elements."); *Monowise Ltd. Corp. v. Ozy Media, Inc.*, No. 17 Civ. 8028, 2018 WL 2089342, at *1 (S.D.N.Y. May 3, 2018) (similar and collecting cases).

Toma fails to establish irreparable harm. As an initial matter, "the significant delay in bringing the preliminary injunction motion counsels against a finding of irreparable injury." *Two Hands IP LLC v. Two Hands America, Inc.*, 563 F. Supp. 3d 290, 300 (S.D.N.Y. 2021). Toma initiated this matter on July 21, 2026, *see* Compl., ECF No. 1, despite the fact that Camarda's alleged breach occurred on February 21, 2026. Compl. ¶ 44. "[T]he length of delay is measured from the time the plaintiff originally learned of the alleged violation or is put on notice thereof." *Two Hands IP LLC*, 563 F. Supp. 3d at 301 (citing *Tough Traveler, Ltd. v. Outbound Prods.*, 60

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

F.3d 964, 968 (2d Cir. 1995)). Thus, Toma's delay in seeking a preliminary injunction, for which he provides no explanation, "suggests that there is, in fact, no irreparable injury." *See Citibank*, 756 F.2d at 277. While there is no bright line rule, "[c]ourts in this circuit have denied preliminary injunctions for delays shorter than this one." *Two Hands IP LLC*, 563 F. Supp. 3d at 300 (finding that plaintiff's delay of "more than three months" counseled against a finding of irreparable injury); *see Weight Watchers Int'l v. Luigino's, Inc.*, 423 F.3d 137, 144 (2d Cir. 2005) ("We have found delays of as little as ten weeks sufficient to defeat the presumption of irreparable harm that is essential to the issuance of a preliminary injunction."). Further, Toma's own allegations indicate that harm from the February 21 court filing cannot be remedied. As he repeatedly states, that Court filing "permanently placed TCE's most sensitive confidential business information in the public domain," that this information "is now accessible to every competitor, adversary, and industry participant who cares to examine the public docket," and that "[t]he damage cannot be undone." Compl. ¶ 44.

Toma's attempts to establish irreparable harm from the possibility of future statements by Camarda is also futile. Toma does not provide any examples, evidence, or additional arguments to support these conclusory allegations of potential harm, rendering such allegations "remote [and] speculative," rather than "actual and imminent." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015). Toma cannot, relying on these conclusory statements alone, establish irreparable harm from the lack of a preliminary injunction. *See Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) ("[C]ourts must not simply presume irreparable harm. Rather, plaintiffs must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm.").

Finally, any claims relating to the withdrawal of $60,000 from the Vibe This account "without prior notice to, consultation with, or authorization from any other member of Vibe This,"

Compl. ¶ 114, can be adequately addressed by money damages. Even assuming the truth of Toma's allegations, he has not alleged that any irreparable harm will flow from Camarda's withdrawal of $60,000 from the company account. Without a showing that Toma could not be made whole through money damages, he cannot obtain preliminary injunctive relief. *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (Harm is only irreparable when "remedies . . . at law, such as monetary damages, are inadequate to compensate" for the harm).

For the same reasons as above, the Court concludes that expedited discovery is not warranted. "Courts in the Second Circuit apply two tests to determine whether expedited discovery is appropriate." *TushBaby, Inc. v. Jinjang Kangbersi Trade Co.*, No. 24 Civ. 6150, 2024 WL 4627452, at *10 (S.D.N.Y. Oct. 30, 2024). The first is a flexible "reasonableness" and "good cause" standard. *See Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007). The second is the four-factor test articulated in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), which requires the party seeking expedited discovery to demonstrate "(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted," *id.* at 405.

The Court concludes that Plaintiff fails to demonstrate an entitlement to expedited discovery under either standard. As already discussed, there is no irreparable injury identified. Further, Plaintiff's letter motion does not identify any requested information that could bear on irreparable harm or any other factors relevant to the issuance of a preliminary injunction. *See* ECF No. 26 at 2 (seeking bank records and asset tracing). Accordingly, the Motion for expedited discovery is also **DENIED**.

* * *

For the reasons given above, Plaintiff's motions for a preliminary injunction and expedited discovery are **DENIED**.

The Clerk of Court is respectfully directed to terminate ECF Nos. 19 and 26.

SO ORDERED.

Dated: August 11, 2026
New York, New York

DALE E. HO
United States District Judge